## CARRIE B. NAUDAIN *vs.* HOWARD M. NAUDAIN.

### *Divorce—Petition—Affidavit—Sufficiency.*

1.   *Sec. 7, Chap.* 221, *Vol.* 24, *Laws of Delaware*, requiring the plaintiff in a divorce proceeding, to state in his petition the true cause of the complaint, verified by his affidavit that the facts stated are true, is sufficiently met by his affidavit that the facts stated in the petition are "true to the best of his knowledge and belief."

2.   An affidavit annexed to and filed with a petition for divorce, although it does not state the month or day of the month upon which it was made, is sufficient, as it is certain it was made before the action was commenced.

3.   The Court will assume that an affidavit without date, annexed to a petition for divorce, was taken before, and certified to by the notary *after* his appointment, even though it appears by the official seal of the notary affixed thereto, that he was appointed a short time before the petition was filed.

4.   Where the *jurat* to an affidavit, annexed to a petition for divorce, "Sworn and subscribed before me, the day and year first above written," is signed,
"[NOTARY'S SEAL.]                                    BARNET GLUCKMAN,"
—it sufficiently shows that the officer who signed the same, and affixed his seal of office thereto, was the officer by whom the petitioner was sworn, and before whom the affidavit was made.

(*March* 15, 1910.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*J. Frank Ball*, for plaintiff in divorce.

*Robert Adair* for the motion.

Superior Court, New Castle County, January Term, 1910.

ACTION FOR DIVORCE.     (No. 39 January Term, 1910).

PENNEWILL, C. J.:—A motion was made and argued at the last term of this Court to dismiss the petition filed by the plaintiff in the above stated case, for the following reasons:

1. That the alleged verification thereof by affidavit is not made in accordance with *Section 7, Chapter 221, Vol. 24, Laws of Delaware*.

2. That the alleged affidavit of the petitioner annexed to the said petition is incomplete and insufficient in law, in that it does not bear the date on which it was made, the month and the day of the month not appearing therein.

3. That it does not appear from the alleged affidavit that the Notary Public who signed and sealed the same was the one before whom said affidavit was made.

The affidavit is as follows:

"State of Delaware
           } ss.
County of New Castle

"Be it remembered that on this       day of A. D. 1909, personally came before me, Notary Public for the State of Delaware, Carrie B. Naudain, who being by me duly sworn according to law deposes and says: that she is the plaintiff in the above petition, that the facts stated in said petition are true to the best of her knowledge and belief, and that the complaint is not made out of levity nor by collusion.

CARRIE B. NAUDAIN,

"Sworn and subscribed before me, the day and year first above written.

[NOTARY'S SEAL]

BARNET GLUCKMAN."

The statute referred to provides that "the proceedings for divorce, or to have a marriage annulled, shall be by petition filed with the Prothonotary of the Superior Court in the county of the petitioner's residence, stating the true cause of the complaint *and verified by the affidavit of the petitioner that the facts stated are true*," etc.

The affidavit annexed to and filed with the petition in this case avers, "that the facts stated in said petition are true to the best of her knowledge and belief."

Is such an averment a sufficient compliance with the require-
ment of the statute, or should the petitioner have sworn that the
facts sated are true, in the exact language of the act.    We are of
the opinion, after a careful consideration of the question, that
the requirement of the statute is met when the petitioner swears
that the facts stated in the petition are true to the best of her
knowledge and belief.    Such we believe to be a fair construction
of the act, and the manifest intention of the Legislature in its
passage.

There are many actions for divorce, and particularly when
the ground or complaint is adultery, in which the petitioner
could not have actual, personal knowledge of the acts alleged to
have been committed by the defendant.    And while the petition
in every case must be verified by the affidavit of the plaintiff,
we think the statute does not mean, and the Legislature could
not have intended, either that the plaintiff should swear that
facts are true of which she could not have personal knowledge, or
that it should be made impossible for the aggrieved party to
secure a divorce by an inability to verify the facts alleged in her
petition, when they could be clearly and satisfactorily proved by
the testimony of other competent witnesses.

We think the second reason assigned for the dismissal of the
petition is insufficient because, although the affidavit does not
state the month, or day of the month, upon which it was made, it
is certain that it was made before the action was commenced.
The affidavit was annexed to and filed with the petition, and the
filing of the petition was the commencement of the suit.    And
although the Notary Public who made the certificate to the
affidavit was  apointed to office, as appears by his official seal, a
very short time before the petition was filed, we will assume that
the affidavit was taken and the certificate made by the Notary
after he was appointed, and not before.

We also think the third reason assigned for the dismissal of
of the petition is insufficient.

There can be no doubt, from an examination of  the affidavit,
and Notary's certificate, that the officer who  signed the certificate

Opinion.

and affixed his seal of office, was the one by whom the petitioner was sworn—before whom the affidavit was made.